

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
03/25/2020

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **PEARL RESOURCES LLC** | § | **CASE NO. 20-31585-11** |
| | § | |
| **PEARL RESOURCES OPERATING** | § | **CASE NO. 20-31586-11** |
| **CO. LLC** | § | **(Chapter 11)** |
| *Debtors* | § | |
| | § | |
| | § | **Jointly Administered Under** |
| | § | **Case No. 20-31585-11** |
| | § | **Judge Eduardo V. Rodriguez** |

**ORDER ESTABLISHING BAR DATE FOR PROOFS OF CLAIMS OR INTERESTS BY NON-GOVERNMENTAL ENTITIES, INCLUDING EQUITY INTEREST HOLDER CLAIMS AND APPROVING FORM, MANNER, AND SUFFICIENCY OF NOTICE OF THE BAR DATE**

Pearl Resources LLC ("Pearl Resources"), and Pearl Resources Operating Co. LLC ("Pearl Operating") (collectively "Pearl" or "Debtors"), have moved this Court for an order setting a shortened bar date for the filing of all non-governmental entities to file proof of claims, including claims of equity interest holders and approving the form, manner and sufficiency of notice of the shortened bar date. The Court has carefully considered this Motion, and is of the opinion that it should be granted. Therefore it is,

ORDERED that all proof of claims or interests for non-governmental entities, including claims filed by equity interest holders, in this case shall be filed on or before **May 1, 2020**, or are forever barred; it is further

ORDERED that nothing in this Order shall be construed to limit, or in any way affect, the Debtors' ability to dispute any Claim on any ground, or to assert offsets against or defenses to such claim, as to amount, liability, or otherwise; it is further

ORDERED that nothing contained in this Order shall be deemed to constitute an assumption or rejection of any executory contract or prepetition or postpetition agreement, or to require the Debtors to make any of the payments authorized herein; it is further

ORDERED that the form of the Bar Date Notice, substantially in the form attached as **Exhibit A** and the manner of providing notice of the Bar Date proposed in the Motion is approved.

Signed: March 25, 2020

_____
Eduardo V. Rodriguez
United States Bankruptcy Judge

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | |
| **PEARL RESOURCES LLC** | § § § | CASE NO. 20-31585-11 |
| **PEARL RESOURCES OPERATING CO. LLC** | § § § § | CASE NO. 20-31586-11 (Chapter 11) |
| *Debtors* | § § § § § | **Jointly Administered Under Case No. 20-31585-11 Judge Eduardo V. Rodriguez** |

**NOTICE OF BAR DATE REQUIRING FILING OF PROOFS
OF CLAIMS AND INTERESTS OR ASSERTING CLAIMS
ON OR BEFORE MAY 1, 2020**

TO PERSONS AND ENTITIES WITH CLAIMS AGAINST PEARL RESOURCES LLC, OR PEARL RESOURCES OPERATING CO. LLC PENDING IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION.

PLEASE TAKE NOTICE THAT on _____, 2020, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order (the "Bar Date Order") [Docket # ___] establishing **May 1, 2020 (the "Bar Date")** as the last date and time for filing proofs of claim against the Debtors **Pearl Resources LLC**, and **Pearl Resources Operating Co. LLC** (collectively "Debtors") as debtors and debtors-in-possession, in the above-captioned jointly administered cases. The Bar Date and the procedures set forth below for filing proofs of claim apply to all claims or interests against the Debtor(s) and which arose prior to March 3, 2020 (collectively the "Petition Date").

1.  **WHO MUST FILE A PROOF OF CLAIM**

You MUST file a proof of claim if you have a claim that arose prior to the Petition Date, and it is not one of the types of claims described in Section 2 below. Acts or omissions of the Debtor(s) that arose prior to the Petition Date may give rise to claims against the Debtor(s) even though such claims may not have matured or become fixed or liquidated before that date.

Under Section 101(5) of the Bankruptcy Code and as used in this Notice, "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, un-matured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, un-matured, disputed, undisputed, secured or unsecured (a "Claim").

### 2. WHO SHOULD NOT FILE A PROOF OF CLAIM

You should not file a proof of claim if:

      f.      You have already properly filed with the Clerk of the United States Bankruptcy Court for the Southern District of Texas, prior to the entry date of the Bar Date Order, a proof of claim against the Debtor(s) using a claim form which substantially conforms to Official Form No. 10.

      g.      Your Claim is listed on the Debtor(s)' Schedules (as defined below), **is not** described as "disputed," "contingent," or "unliquidated," **and** you do not dispute the amount, classification or nature of your Claim as set forth in the Debtor(s)' Schedules.

      h.      Your Claim arises under Bankruptcy Code Sections 507(a)(1) and 503(b) and therefore qualifies as an administrative expense of the Debtor(s)' bankruptcy estate(s).

      i.      The Debtor(s) has (have) already paid your Claim.

      or

      j.      Your Claim has been allowed by an order of this Court entered on or before the Bar Date.

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTOR(S) OR IF THE CLAIM YOU HELD ON THE PETITION DATE HAS BEEN PAID.**

### 3. WHEN AND WHERE TO FILE

Except as otherwise provided in this Section 3, proofs of claim must be filed so as to be **actually received** on or before May 1, 2020, either electronically through the Court authorized ECF system or at one of the following addresses (collectively, the "Court Clerk"):

**IF SENT BY MAIL:**
COURT CLERK
United States Bankruptcy Court
Southern District of Texas, Houston Division
P.O. Box 61010
Houston, Texas 77208

Note that proofs of claim shall be deemed timely filed only if **actually received** at the Court Clerk on or before the Bar Date, or the Rejection Bar Date (as defined below), if applicable. **The Court Clerk will not accept any proof of claim sent by facsimile, telecopy or other electronic means, other than the Court authorized ECF filing. Any proof of claim submitted by any such method, except for ECF filing, shall be deemed not filed**. You must also file a

2

copy of your proof of claim with counsel for the Debtors by mailing a copy of your proof of claim to the following address:

> Walter J. Cicack
> HAWASH CICACK & GASTON LLP
> 3401 Allen Parkway, Suite 200
> Houston, Texas 77019

CLAIMS ARISING FROM REJECTED LEASES AND CONTRACTS. If your Claim arises because of the Debtor(s)' rejection of an unexpired lease or executory contract (as outlined in Section 365 of the Bankruptcy Code) between you and the Debtors after the Petition Date, you must file a proof of claim by the latest of: (i) thirty (30) days following the date of any order authorizing the Debtor to reject your agreement pursuant to Section 365 of the Bankruptcy Code, (ii) the date for filing a proof of claim as to your agreement set by any other order of this Court, or (iii) the Bar Date (collectively, the "Rejection Bar Date"). Any Claims you may have that arise out of any other kind of lease or contract with the Debtor must be filed by the Bar Date.

CLAIMS AMENDED BY THE DEBTOR. If the Debtor(s) amend(s) its Schedules to reduce an undisputed, non-contingent, and/or liquidated amount of your scheduled Claim or to change the nature of your Claim's classification, then you shall have until the latest of either (a) the Bar Date, (b) the Rejection Bar Date, or (c) thirty (30) days after the date you are served with notice of the amendment to file a proof of claim against the Debtors (if you have not previously filed a proof of claim) or to amend any proof of claim you may have already filed.

### 4. WHAT TO FILE

If you file a proof of claim, your filed proof of claim **must**: (i) be in writing and in the English language, (ii) be denominated in lawful currency of the United States of America as of the Petition Date, (iii) contain an original signature, and otherwise (iv) conform substantially in all respects with Official Form No. 10.

**YOU SHOULD ATTACH TO YOUR COMPLETED PROOF OF CLAIM COPIES OF ANY WRITINGS OR DOCUMENTS UPON WHICH YOU BASE YOUR CLAIM.**

You may receive acknowledgment of the Court Clerk's receipt of your proof of claim by submitting a copy of your proof of claim, along with a self-addressed, stamped envelope, to the Court Clerk in addition to your original proof of claim.

### 5. EFFECT OF FAILURE TO FILE A PROOF OF CLAIM

EXCEPT AS OTHERWISE SPECIFIED HEREIN, ANY PERSON WHO IS REQUIRED, BUT FAILS, TO FILE A PROOF OF CLAIM ON OR BEFORE THE LATTER OF THE BAR DATE, OR THE REJECTION BAR DATE, IF APPLICABLE, THAT STRICTLY COMPLIES WITH THE PROVISIONS OF THE BAR DATE ORDER: (I) SHALL BE FOREVER BARRED, ESTOPPED, AND PERMANENTLY ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTOR(S), THEIR SUCCESSORS, OR THEIR PROPERTY (OR FROM FILING A PROOF OF CLAIM WITH RESPECT TO SUCH CLAIM) AND THE DEBTOR(S), THEIR SUCCESSORS, AND THEIR PROPERTY SHALL BE FOREVER DISCHARGED

FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO SUCH CLAIM; (II) SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR PURPOSES OF VOTING AND/OR DISTRIBUTION UNDER ANY CHAPTER 11 PLAN OF THE DEBTORS; AND (III) SHALL NOT BE ENTITLED TO RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

### 6. RESERVATION OF RIGHTS

The Debtor(s) reserve(s) the right to object to any Claim, whether filed or scheduled, on any ground. This includes the right to: (i) dispute, offset, or assert defenses against any filed Claim or Claim listed or reflected in the Debtor(s)' Schedules, or any amendments to them, as to the nature, amount, liability, classification or otherwise, of such Claim, or (ii) subsequently to designate any Claim as disputed, contingent or unliquidated. Likewise, nothing set forth in this Notice shall preclude the Debtor(s) from objecting to any Claim, whether scheduled or filed, on any ground.

### 7. DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against the Debtor(s) in the Debtor(s)' Statements of Financial Affairs, Schedules of Assets and Liabilities, and Schedules of Executory Contracts and Unexpired Leases (collectively, as may be amended, the "Debtor(s)' Schedules"). If you wish to determine the treatment of your Claim in the Debtor(s)' Schedules, you may contact the Court Clerk or counsel for the Debtor.

Interested parties may examine copies of the Debtor(s)' Schedules and the Bar Date Order during regular business hours at the offices of counsel for the Debtors listed at the end of this Notice.

You may contact the Court Clerk at (713) 250-5500 for assistance if there are any questions concerning the filing, amount, nature or processing of a proof of claim.

**YOU SHOULD CONSULT AN ATTORNEY REGARDING ANY OTHER INQUIRIES YOU MAY HAVE, SUCH AS WHETHER YOU SHOULD FILE A PROOF OF CLAIM IN THIS CASE.**

### 8. CREDITORS MAY NOT TAKE CERTAIN ACTIONS:

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtors and the debtors' property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

### 9. DEBTORS NAMES, CASE NUMBERS & TRADE NAME

*PEARL RESOURCES LLC*, **CASE NO. 20-31585**

*PEARL RESOURCES OPERATING CO. LLC*, **CASE NO. 20-31586**

4

5

Date: March __, 2020

Walter J. Cicack
HAWASH CICACK & GASTON LLP
3401 Allen Parkway, Suite 200
Houston, Texas 77019
(713) 658-9015 - tel/fax