IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 20-31585-11 |
| PEARL RESOURCES LLC | § | |
| | § | CASE NO. 20-31586-11 |
| PEARL RESOURCES OPERATING CO., LLC, | § | (Chapter 11) |
| | § | |
| | § | Joint Administration Requested |
| *Debtors.* | § | Under Case No. 20-31585-11 |
| | § | Judge Eduardo V. Rodriguez |

**CHARGER SERVICES, LLC'S MOTION FOR RELIEF FROM AUTOMATIC STAY**

**PURSUANT TO LOCAL RULE 4001-1(a)(3), THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THERE WILL BE A HEARING ON THIS MATTER ON APRIL 28, 2020, AT 9:00 A.M. IN COURTROOM #402, 515 RUSK AVENUE, HOUSTON, TEXAS 77002.**

Creditor Charger Services, LLC ("Charger") files this Motion for Relief from Automatic Stay under 11 U.S.C. § 362(d), and would respectfully show the following:

**I.    SUMMARY OF THE ARGUMENT**

1.    Before Pearl Resources Operating Co., LLC ("Pearl Resources") and Pearl Resources LLC ("Pearl") (collectively, "Debtors") filed for bankruptcy on March 3, 2020, the two Pearl entities and Charger had been litigating a quantum meruit dispute that culminated in oral argument before the Eighth District Court of Appeals in El Paso just last month as part of Pearl's

appeal of a quantum meruit judgment in Charger's favor (the "Appeal"). All work required of the Debtors on the Appeal was concluded prior to the bankruptcy, and the only outstanding task is to await a ruling from the Court of Appeals. In accordance with judicial economy, a factor that provides the necessary "cause" to lift the automatic stay, Charger requests that the bankruptcy stay be lifted to allow the parties to conclude the appellate process. Charger does not request that the stay be lifted to attempt to enforce the judgment against Debtors outside the bankruptcy claims process.

**II.     PROCEDURAL BACKGROUND**

2.     Charger filed suit against Debtors in November 2017, seeking payment for emergency services provided to Debtors at their well site after a blowout. *See* Cause No. P-7800-83-CV; *Charger Services, LLC v. Pearl Resources LLC, et al.,* In the 83rd Judicial District Court of Pecos County, Texas. Following a bench trial, the District Court entered a judgment on February 5, 2019 in Charger's favor on a quantum meruit claim against Debtors in the principal amount of $76, 381.00, in addition to pre- and post-judgment interest at the rate of 5.5 percent per annum. *See* Exhibit A, Final Judgment. Charger abstracted the Final Judgment, which was recorded in Pecos County on or about February 8, 2019. *See* Exhibit B, Recorded Abstract of Judgment.

3.     Debtors timely appealed the judgment to the Eighth Court of Appeals in El Paso. *See* Cause No. 08-19-00096-CV; *Pearl Resources LLC and Pearl Resources Operating Co., LLC v. Charger Services, LLC;* In the Eighth Court of Appeals. The Appeal has been fully briefed, and the parties participated in oral argument on February 11, 2020.

4.     Debtors filed their voluntary Chapter 11 bankruptcy petitions on March 3, 2020, before the Court of Appeals issued an opinion on the merits of the Appeal. Both Debtors' petitions

identify Charger's Final Judgment on their Official Forms 204, listing "creditors who have the 20 largest unsecured claims."[1]  *See* Case 20-31585 Dkt. 1-5; Case 20-31586 Dkt. 1-5.  Debtors categorize the claim as "disputed."

5.      The initiation of Debtors' bankruptcy proceedings automatically stayed any further action by the Court of Appeals.  *See e.g.,* Exhibit C, Court of Appeals Order Abating Appeal.  However, the only remaining step in the Appeal process is for the Court of Appeals to issue its ruling.  Debtors do not need to perform any additional work or take any further action before matters can be finalized with respect to the Appeal.  If an opinion is issued in Charger's favor, then Debtors can decide whether to pursue the matter before the Texas Supreme Court.  Any additional appellate briefing will likely involve substantially the same or similar issues to those that have already been fully briefed before the Court of Appeals.  Resolution of the Appeal and the appellate process would be a substantial step toward finalizing an important issue involving Debtors' outstanding creditors.

### III.    ARGUMENT AND AUTHORITIES

6.      An automatic stay issued as a result of the initiation of a bankruptcy proceeding may be modified for cause.  11 U.S.C. § 362(d)(1).  "Cause" is not defined in the bankruptcy code and must be determined on a case by case basis after an examination of the totality of circumstances.  *See In re Kao,* 2015 WL 9412744, at *2 (Bankr. S.D. Tex. Dec. 21, 2015).  There are twelve factors to be analyzed when determining cause.  *See In re U.S. Brass Corp.*, 176 B.R. 11, 12 (Bankr. E.D. Tex. 1994) (citing *In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984)).

---

[1]    Charger's recorded Abstract of Judgment constitutes a lien on and attaches to Debtors' real property under Texas Property Code § 52.001.  Charger has no knowledge that Debtors have posted security or are excused by law from posting security, as necessary to abate Charger's lien under Texas Property Code § 52.0011.

These factors need not be assigned equal weights, however, and only those factors relevant to the particular case need to be considered. *Id.*

7. When deciding whether the lift the automatic stay to allow litigation against a debtor to proceed outside the bankruptcy court, this Court should consider "whether lifting the stay will result in any great prejudice to the debtor or the bankruptcy estate, whether any hardship to a nondebtor of continuance of the stay outweighs any hardship to the debtor, and whether the creditor has a probability of prevailing on the merits of the case." *In re Kao,* 2015 WL 9412744, at *2. The factor of judicial economy may also be considered in deciding whether to lift the automatic stay. *See In re U.S. Brass Corp.*, 176 B.R. at 12. In fact, a decision to lift the stay may be upheld on this ground alone. *Id.* (citing *In re Kemble,* 776 F.2d 802, 807 (9th Cir. 1985)). *See also In re Young,* 2006 WL 3088225, at *2 (Bankr. S.D. Tex. Oct. 20, 2006) (allowing a matter to proceed in another forum may constitute cause).

8. The party opposing the request to lift the stay has the burden of proof for all issues unrelated to the debtors' equity in property, such as those raised in this motion. *See* 11 U.S.C. § 362(g). The Bankruptcy Code gives the Court broad discretion to provide appropriate relief from the automatic stay as may fit the facts of a particular case. *In re Young,* 2006 WL 3088225, at *2.

9. In the present case, judicial economy weighs heavily in favor of allowing the stay to be lifted so that the Appeal may be concluded. This finalization is a necessary step toward resolving an important issue – liquidation of the Final Judgment awarded to Charger in the quantum meruit suit. *See In re Patel,* 2010 WL 3239128, at *1-2 (Bankr. S.D. Tex. Aug. 16, 2010) (lifting stay to allow creditors to pursue litigation outside the bankruptcy court and noting that "liquidation of Movants' claims is necessary in the bankruptcy case").

10. In situations such as this, especially after a verdict has been reached in the creditor's favor, bankruptcy courts have concluded that such litigation history deems the state courts competent to handle to conclusion the causes of action that have been raised in the state court litigation, as opposed to necessitating the opening of an adversary proceeding overseen as part of the bankruptcy administration. *See, e.g., In re Patel,* 2010 WL 3239128, at *1-2 (lifting stay to permit parties to obtain trial court rulings on post-jury verdict motions); *In re Kao,* 2015 WL 9412744, at *2 (lifting stay to allow parties to continue litigation that preceded the bankruptcy by several years); *In re Young,* 2006 WL 3088225, at *2 (lifting stay because "delaying the state court's consideration of the [dispositive] motions would impede judicial economy and would result in hardship to Movant, in light of the past delays Movant has experienced as a result of the bankruptcy filings"). Texas state courts (specifically, the 83rd Judicial District and the Eighth Court of Appeals) have been involved in the parties' quantum meruit litigation since its inception in November 2017, a bench trial has been held, and a verdict has been rendered. The state court litigation involving Debtors has proceeded even further than *In re Patel* (post-verdict briefing) *, In re Kao* (permitting case to proceed to trial)*,* and *In re Young* (dispositive motions)*,* as oral arguments before the Eighth Court of Appeals already concluded last month. In each of these three cases, the bankruptcy courts ordered that the automatic stay be lifted to allow the state court litigation to proceed.

11. Courts have concluded that debtors, such as Pearl, have "an interest in participating in the resolution of this issue because it will affect the resolution of future litigation." *See In re U.S. Brass Corp.*, 176 B.R. at 12. Indeed, "[a]llowing the state court to proceed will accelerate and promote the economical administration of this bankruptcy estate." *In re Patel,* 2010 WL 3239128, at *2. Thus, lifting the stay will not result in any great prejudice to Debtors or to their

bankruptcy estate, and continuance of the stay will impose a hardship upon Charger that outweighs the hardship (if any) to the Debtors. *Id.* Furthermore, because Charger does not seek collection, only liquidation, "allowing the state court litigation to proceed would not prejudice the rights of other creditors." *Id.*

12. The Court of Appeals is ready to render its opinion. Texas appellate courts can dispose of this issue quickly, which should streamline the issues before this Bankruptcy Court and prevent the need for Charger to open an adversary proceeding to relitigate the Final Judgment. Moreover, the costs and effort required by Debtors are minimal at this stage in the proceeding. No party will be prejudiced by allowing the stay to be lifted so that the Court of Appeals can issue its opinion and so that the disputed nature of the Final Judgment can, once and for all, be resolved.

## IV.  CONCLUSION AND PRAYER

Creditor Charger Services, LLC respectfully requests the Court to enter an order substantially similar to the proposed order attached hereto as Exhibit D, which: (a) grants this Motion; (b) lifts the automatic stay to allow the Eighth Court of Appeals to issue an opinion in the Appeal and for the parties to finalize the appellate process; and (c) providing such other and further relief to which it is justly entitled.

Respectfully submitted,

**DAVIS, GERALD & CREMER**
**A Professional Corporation**
400 W. Illinois, Suite 1400
Midland, Texas 79701
(432) 687-0011
(432) 687-1735 (Fax)

By: */s/ Katherine L. Petroski*
    John A. "Jad" Davis
    State Bar No. 05511400
    jadavis@dgclaw.com
    *\*Motion for Pro Hac Vice granted on 3/14/2020*

    Katherine L. Petroski
    State Bar No. 24088218
    klpetroski@dgclaw.com

**ATTORNEYS FOR CHARGER SERVICES, LLC**

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with Walter Cicack, counsel for Debtors, by email on March 19, 2020 and again on March 26, 2020 regarding the relief requested in this motion. Mr. Cicack has indicated that Debtors object at this time with Charger's request to move forward with the Appeal. Charger therefore files this Motion as OPPOSED.

                                 */s/ Katherine L. Petroski*
                                 Katherine L. Petroski

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 30th day of March, 2020, a true and correct copy of the foregoing document was filed with the Court and served: (1) electrically upon those parties registered to receive electronic notice via the Court's CM/ECF System; (2) by separate email to I hereby certify on the 30th day of March 2020, a true and correct copy of the foregoing was filed with the Court and served: (1) electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system; (2) by separate email to Walter J. Cicack and Jeremy M. Masten as counsel for Debtors; and (3) upon those additional parties listed in the attached Service List by First Class United States Mail postage prepaid, which includes all remaining parties required by applicable Rules.

                                 */s/ Katherine L. Petroski*
                                 Katherine L. Petroski