IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| **PEARL RESOURCES LLC** | § § | **CASE NO. 20-31585-11** |
| **PEARL RESOURCES OPERATING CO. LLC** | § § § | **CASE NO. 20-31586-11** (Chapter 11) |
| *Debtors* | § § § § § § | **Jointly Administered Under Case No. 20-31585-11** **Judge Eduardo V. Rodriguez** |
| **PEARL RESOURCES LLC and PEARL RESOURCES OPERATING CO. LLC** vs. **PILOT THOMAS LOGISTICS LLC** | § § § § § § § § § § § § | **Contested Matter** **Objection to Claims No. 5 in Pearl Resources LLC and No. 2 in Pearl Resources Operating Co. LLC** **Section 502(b)(1) of the Bankruptcy Code; Claimant's claim is not enforceable against the Debtors or their Property** |

## DEBTORS' OBJECTIONS TO PROOFS OF CLAIM FILED BY PILOT THOMAS LOGISTICS LLC, AND NOTICE OF HEARING

THIS IS AN OBJECTION TO YOUR CLAIMS.  THE OBJECTING PARTY IS ASKING THE COURT TO DISALLOW THE CLAIMS THAT YOU FILED IN THIS JOINTLY ADMINISTERED BANKRUPTCY CASE.  IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED WITHOUT A HEARING.

**A HEARING HAS BEEN SET ON THIS MATTER ON TUESDAY, JUNE 30, 2020 AT 9:00 A.M. IN COURTROOM 402, 4TH FLOOR, 515 RUSK, HOUSTON, TEXAS 77002**.

Pursuant to 11 U.S.C. §502(b)(1), Federal Rule of Bankruptcy Procedure 3007, and LBR 3007-1, Pearl Resources LLC ("Pearl Resources") and Pearl Resources Operating Co. LLC ("Pearl Operating"), hereby object to the proofs of claim submitted by Pilot Thomas Logistics LLC ("Claimant").

1. Claimant filed its proof of claim concerning Pearl Resources on April 28, 2020, attached hereto as Exhibit A. Claimant filed its *amended* proof of claim concerning Pearl Resources on May 19, 2020, attached hereto as Exhibit B. It is Claim Number 5. The claim is secured, in the amount of $142,871.49.

2. Claimant filed its proof of claim concerning Pearl Resources on April 28, 2020, attached hereto as Exhibit C. Claimant filed its *amended* proof of claim concerning Pearl Operating on May 19, 2020, attached hereto as Exhibit D. It is Claim Number 2. The claim is secured, in the amount of $142,871.49.

3. Section 502(b)(1) of the Bankruptcy Code calls for disallowance of claims that are unenforceable under any applicable law. Claimant is unable to prove liability and/or damages with respect to the claims it has asserted, and the subject debtors deny each and every factual basis for the claims asserted. The subject debtors deny that they are indebted to Claimant for any amounts.

4. Claimant cannot recover for breach of contract or sworn account because neither Pearl Resources nor Pearl Operating contracted with Claimant to provide the materials and services which form the basis for the proofs of claim. Pearl Operating contracted with PDS Drilling, LLC ("PDS") to drill a well. Under that contract, PDS was liable for and fully indemnified Debtors for all costs and damages related to the drilling and bringing the well under control. The Contract also provided that PDS was not Pearl Operating's agent and had no authority to enter into contracts on behalf of Pearl Operating. PDS subcontracted with Claimant and neither Debtor was a party to the subcontract. Claimant's invoices and other documents confirm that it contracted with and provided materials and services to PDS—not to either Debtor. As such, no amount was due to Claimant. Claimant's proof of claim should also be denied because it is based on fraudulent or false invoices which do not accurately state the materials and services provided by Claimant. Claimant's quantum meruit claim fails because it cannot meet the necessary elements of such

claim. Under Texas law, Claimant also cannot recover in quantum meruit from Debtors because there was an express contract covering the services and materials furnished by Claimant. Recovery in quantum meruit is barred even if the contract was between Claimant and a third party. Recovery in quantum meruit, or otherwise, is also barred by the statutorily-mandated limitation of liability of TEX. PROP. CODE § 56.043, which provides that an owner cannot be liable to a subcontractor for more than the amount the owner owes the original contractor at the time the subcontractor provides notice of a lien claim. In addition, Claimant's claim should be disallowed for all of the reasons set forth in Debtors' Complaint filed in Adversary No. 20-03077, a copy of which is attached hereto and incorporated herein.

5. The proofs of claim should not be allowed in whole or in part.

6. The affidavit of Myra Dria, a duly authorized representative of the subject debtors appended to this Objection.

7. Pearl Resources and Pearl Operating reserve the right to assert counterclaims against Claimant.

WHEREFORE, PREMISES CONSIDERED, the Pearl Resources and Pearl Operating respectfully pray that the Court not allow Claimant's claims against them, and grant them such other and further relief to which they are entitled.

Respectfully submitted,

HAWASH CICACK & GASTON LLP

*/s/ Walter J. Cicack*
WALTER J. CICACK
Texas State Bar No. 04250535
wcicack@hcgllp.com
JEREMY M. MASTEN
Texas State Bar No. 24083454
jmasten@hcgllp.com
3401 Allen Parkway, Suite 200
Houston, Texas 77019
(713) 658-9015 - tel/fax

*Attorneys for Debtors*

## Certificate of Service

I hereby certify that a true and correct copy of the document has been served on counsel of record, through the Court's ECF noticing system, first class mail, and certified mail, return receipt requested, on May 20, 2020.

Joshua N. Eppich
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
joshua@bondsellis.com
*Attorneys for Pilot Thomas Logistics LLC*

*/s/ Walter J. Cicack*
Walter J. Cicack

## AFFIDAVIT OF MYRA DRIA

THE STATE OF TEXAS §
§
THE COUNTY OF HARRIS §

BEFORE ME, the undersigned authority, on this day personally appeared Myra Dria, being personally known by me, who, upon her oath, duly sworn according to law, stated that she is the duly authorized representative of Debtors in the above-numbered and entitled matter, that she is at least eighteen years of age and is not disqualified from making this affidavit, that she has personal knowledge of the matters recited above, and that those matters are true and correct.

SIGNED on this 19th day of May, 2020.

_____
Myra Dria, Authorized Representative of Debtors

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned Notary Public, on the 19th day of May, 2020, to certify which witness my hand and official seal.

MATTHEW DRIA
Notary Public, State of Texas
Comm. Expires 03-06-2022
Notary ID 131479041

_____
Notary Public in and for the State of Texas

Printed Name: Matthew Dria

Commission expires: 3/6/22