# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| IN RE: | CASE NO: 20-31585 |
| PEARL RESOURCES LLC | CASE NO: 20-31586 |
| PEARL RESOURCE OPERATING CO., LLC | Jointly Administered Order |
| DEBTORS. | CHAPTER 11 |
| GEORGE P. BUSH, COMMISSIONER, THE TEXAS GENERAL LAND OFFICE, | |
| Plaintiff, | Adv. Pro. No. 20-_____ |
| v. | |
| PEARL RESOURCES LLC, | |
| Defendant. | |

## THE TEXAS GENERAL LAND OFFICE'S
## COMPLAINT FOR DECLARATORY JUDGMENT

TO THE HONORABLE EDUARDO V. RODRIGUEZ,
UNITED STATES BANKRUPTCY JUDGE:

George P. Bush, Commissioner of the Texas General Land Office (the "GLO" or the "State"), by and through the Office of the Texas Attorney General, files this *Complaint for Declaratory Judgment* (the "Complaint") and respectfully states as follows:

## I.     JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §§ 157 and 1334(b). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(1), (b)(2)(A), and (O).

2. Venue in this district is proper pursuant to 28 U.S.C. § 1408 and 1409.

## II.     PARTIES

3. Plaintiff is George P. Bush, the Commissioner of the Texas General Land Office. The GLO is the oldest state agency in Texas and, among other things, the GLO has the sacred and solemn responsibility to the school children of Texas to manage oil and gas leases for state-owned mineral interests and state-owned lands. Revenues from the sale and leasing of such interests flows to the Permanent School Fund pursuant to the Texas Constitution. TEX. CONST. ART. VII § 5(g).

4. Defendant, Pearl Resources LLC ("Pearl Resources" or the "Defendant"), is a debtor-in-possession in the Bankruptcy Case[1] and may be served, pursuant to Rule 7004(b)(1) of the Federal Rules of Bankruptcy Procedure, via Defendant's attorney at: c/o Walter J. Cicack, Hawash Cicack & Gaston LLP, 3401 Allen Parkway, Suite 200, Houston, Texas 77019.

---

[1] Capitalized terms not otherwise defined have the meanings ascribed to them below.

### III.     BACKGROUND

#### A.     The Relinquishment Act and the Leases

5.     The GLO, acting through various agents, is lessor for a collection of undivided interest oil and gas leases located in Pecos County, Texas identified by the GLO as State Mineral File No. 113155 (collectively, the "State Leases"). Pearl Resources, also acting through various agents, is the Lessee of the State Leases.

6.     The State Leases are subject to the Relinquishment Act. TEX. NAT. RES. CODE ANN. §§ 52.171 to 52.190. Enacted in 1919, the Relinquishment Act reserves all minerals to the State in those lands sold with a mineral classification between September 1, 1895 and June 29, 1931. Under the Relinquishment Act, the "owner of the soil," also commonly known as the surface owner, acts as the agent for the State of Texas in negotiating and executing oil and gas leases on Relinquishment Act Lands ("RAL"). The State surrenders to the surface owner one-half of any bonus, rental, and royalty as compensation for acting as its agent, and in lieu of surface damages. The State publishes a standard RAL lease form which must be used to lease Relinquishment Act Lands.  In addition, GLO approval is required for all RAL lease terms.

7.     Each of the State Leases includes a paragraph regarding retained acreage following expiration of the primary term, which is standard for RAL leases. Section 16(a) of the State Leases provides:

> **16. RETAINED ACREAGE**.  Notwithstanding any provision of the lease to the contrary, after a well producing or capable of producing oil or gas has been completed by the leased premises, Lessee shall exercise the diligence of a reasonably prudent operator in drilling such additional well or wells as may be reasonably necessary for the proper development of the leased premises and in marketing the production thereon. . . (a) . . . In the event this lease is in force and effect two (2) years after the expiration date of the primary or extended term it shall then terminate as to all of the leased premises, EXCEPT (1) 40 acres surrounding each oil well . . . and 320 acres surrounding each gas well capable of producing in paying quantities (including a shut-in oil or gas well as provided in Paragraph 14

hereof), or a well upon which Lessee is then engaged in continuous drilling or reworking operations, or (2) the number of acres including in a producing pooled unit . . . or (3) such greater or lesser number of acres as may then be allocated for production purposes to a proration until for each such producing well . . . .

8.  Each of the State Leases also includes a paragraph regarding procedure following lease or acreage termination, which is standard for RAL Leases. Section 16(c) of the State Leases provides:

> (**C**) **IDENTIFICATION AND FILING**…Within thirty (30) days after partial termination… Lessee shall execute and record a release or releases containing a satisfactory legal description of the acreage and/or depths not retained hereunder…. If lessee fails or refuses to execute and record such release or releases within (90) days after being requested to do so by the General Land Office, then the Commissioner at his sole discretion may designate by written instrument the acreage and/or depths to be released hereunder and record such instrument at Lessee's expense in the county or counties where the lease is located and in the official records of the General Land Office and such designation shall be binding upon Lessee for all purposes.

A copy of one of the State Leases is attached hereto as **Exhibit A**. The State Leases all have identical Sections 16(a) and 16(c).

9.  In addition, the Texas Administrative Code provides:

> If a lessee fails to conduct drilling and reworking operations or to obtain an extension in accordance with this section and the lease terms and the lessee has not otherwise maintained the lease, no action by the state or an owner of the soil on Relinquishment Act property, may ratify, re-grant or revive the terminated lease or may estop the state from asserting lease termination.

31 T.A.C. § 9.43(e).

10.  Many of the State Leases are more than two years past their respective primary terms. On October 15, 2019, the GLO sent Pearl Resources a letter (the "October 15 Letter") advising of that fact and requesting partial releases of various undivided interests. A copy of the October 15 Letter is attached hereto as **Exhibit B**. In subsequent correspondence, Pearl Resources contested the termination by arguing that certain superficial surface actions constituted continued

drilling operations and the diligence of a reasonably prudent operator. On December 20, 2019, the GLO sent Pearl a second letter (the "December 20 Letter") confirming the GLO's position that the State Leases had partially terminated and again requesting the required partial releases. A copy of the December 20 Letter is attached hereto as **Exhibit C**.

11. Pearl Resources again refused to provide the required partial releases.

12. On February 11, 2020, in accordance with Paragraph 16(C), the Commissioner filed a Designation of Terminated Acreage and Depths (the "Designation") for the partially terminated State Leases with the Pecos County Clerk. A copy of the Designation is attached hereto as **Exhibit D**.

### B. The Bankruptcy Case

13. On March 3, 2020 (the "Petition Date"), Pearl Resources LLC and Pearl Operating Co. LLC (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the U.S. Code (the "Bankruptcy Code").

14. On March 10, 2020, the Court entered an order providing for the joint administration of the Debtors' bankruptcy cases (the "Bankruptcy Case").

15. On March 9, 2020, Drew McManigle was appointed as the Subchapter V Trustee in the Bankruptcy Case. Otherwise, no committee, trustee, or examiner has been appointed in the Bankruptcy Case.

16. The Debtors continue to operate the business as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

17. On March 27, 2020, Pearl Resources filed its Schedules of Assets and Liabilities. Schedule A/B was filed at Docket No. 54. Schedule 54 of the Pearl Resources Schedule A/B sets forth six (6) leases in Pecos County, Texas (the "Scheduled Leases").

18. Bankruptcy Code section 541(a)(1) provides: "The commencement of a case . . . creates an estate. Such estate is comprised of the following property wherever located and by whomever held: (1) . . . all legal or equitable interests of the debtor in property <u>as of the commencement of the case</u>. . . ." 11 U.S.C. § 541(a)(1) (emphasis added).

19. By including the State Leases in the Scheduled Leases on Schedule A/B, Pearl Resources has taken the position that the State Leases are property of Pearl Resources's bankruptcy estate.

20. Pearl Resources's interest in some of the State Leases partially terminated by operation of law well prior to the Petition Date. Thus, the partially terminated interest of the State Leases is not property of the Pearl Resources bankruptcy estate.

### IV.     COUNT 1: DECLARATORY JUDGMENT

21. The GLO asserts ¶¶ 14 by reference as if specifically set forth herein.

22. The GLO seeks a declaratory judgment that the Scheduled Leases terminated by operation of law prior to the Petition Date and therefore are not property of the Pearl Resources bankruptcy estate.

### V.     RESERVATION OF CLAIMS

23. The GLO reserves the right to assert any alternative cause of action and to pursue and recover on any additional claims.

## VI. **PRAYER**

WHEREFORE, the GLO respectfully requests that the Court: (a) grant this Complaint for Declaratory Judgment; (b) enter a declaratory judgment that the identified State Leases were terminated by operation of law prior to the Petition Date and are not property of the Pearl Resources bankruptcy estate; and (c) order such other and further relief which the GLO may be justly entitled.

Dated: May 28, 2020                              Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

RYAN L. BANGERT
Deputy First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for Civil Litigation

RACHEL R. OBALDO
Assistant Attorney General
Chief, Bankruptcy & Collections Division

*/s/ Jason B. Binford*
JASON B. BINFORD
Texas State Bar No. 24045499
ABIGAIL R .RYAN
Texas State Bar No. 24035956
Office of the Attorney General of Texas
Bankruptcy & Collections Division
P. O. Box 12548 MC008
Austin, Texas 78711-2548
Telephone: (512) 463-2173
Facsimile: (512) 936-1409
jason.binford@oag.texas.gov
abigail.ryan@oag.texas.gov

ATTORNEYS FOR THE TEXAS GENERAL LAND OFFICE