IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| PEARL RESOURCES, LLC and | § | Case No. 20-31585-11 |
| | § | |
| PEARL RESOURCES OPERATING CO. LLC, | § | Case No. 20-31586-11 |
| | § | |
| | § | Jointly Administered under |
| | § | Case No. 20-31585 |
| Debtors. | § | |

**MOTION OF PILOT THOMAS LOGISTICS, LLC TO CONSOLIDATE
CLAIM OBJECTION WITH ADVERSARY PROCEEDING**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Pilot Thomas Logistics, LLC ("Pilot Thomas"), by and through the undersigned counsel, hereby files this motion to consolidate the claim objection to Pilot Thomas's secured proofs of claim [Docket No. 117] (the "Claim Objection") with the pending adversary proceeding contesting Pilot Thomas's secured claim [Adv. Proc. No. 20-3077] (the "Adversary Proceeding"). In support there, Pilot Thomas respectfully shows as follows:

## BACKGROUND

1. Pilot Thomas delivered and provided supplies and fuel under agreement/contract benefitting the Debtors in connection with Debtors' oil and gas operations in Pecos County, Texas. The total amount due and owing Pilot Thomas on account of the provision of these goods through March 3, 2020 (the "Petition Date") is at least $95,749.17 exclusive of any accruing interest, costs, fees, and other charges, with additional amounts potentially owed and accrued after the Petition Date.

2. Pilot Thomas has filed proofs of claim against each of the Debtors in the amount of $95,749.17 which are fully secured by statutory liens under Texas law, i.e., Chapter 56 of the Texas Property Code.[1]

3. On April 10, 2020, the Debtors filed the *Debtors' Complaint to Determine the Validity, Priority, and Extent of Liens Filed by Various Creditors Against the Debtors' Property* [Adv. Proc. No. 20-3077, Docket No. 1] (the "Complaint"). In the Complaint, the Debtors contest the validity, priority, and extent of Pilot Thomas's statutory liens. The Debtors challenge the lien on two bases: (1) Pilot Thomas failed to properly provide notice to all property owners as required under applicable Texas law (Tex. Prop. Code § 56.021(b)); and (2) the Debtors have no liability under applicable Texas law because they allegedly owed no amounts to the original contractor (Tex. Prop. Code § 56.043).[2]

4. On May 13, 2020, Pilot Thomas filed its answer in the Adversary Proceeding, denying that the Debtors were entitled to the relief sought and asserting various affirmative defenses.

---

[1] Pilot Thomas has amended its proofs of claim to include the amounts at issue in the Adversary Proceeding and to remove amounts inadvertently asserted against the Debtors.
[2] The Debtor also challenged the liens of other creditors in the Adversary Proceeding on similar grounds.

5. On May 20, 2020, the Debtors filed the Claim Objection to Pilot Thomas's proofs of claim. The Debtors challenge Pilot Thomas's proofs of claim on four bases: (1) Pilot Thomas has no contractual claim or relationship with the Debtors; (2) the claim "is based on fraudulent or false invoices"; (3) Pilot Thomas cannot establish a quantum meruit claim; and (4) the Debtors' liability is barred under Tex. Prop. Code § 56.043. The Debtors also expressly incorporate the Complaint into the Claim Objection.

6. The deadline for Pilot Thomas to respond to the Claim Objection is June 19, 2020. Nevertheless, Pilot Thomas contests the factual and legal allegations in the Claim Objection.

## RELIEF REQUESTED

7. Rule 42(a) of the Federal Rules of Civil Procedure, made applicable to bankruptcy courts by Rule 7042 of the Federal Rules of Bankruptcy Procedure, vests courts with discretion to consolidate similar issues in separate pending proceedings. *See* FED. R. CIV. P. 42(a) ("If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."); *see also* FED. R. BANKR. P. 7042.

8. Under Rule 42(a), courts have broad powers to consolidate actions involving common questions of law or fact if, in its discretion, such consolidation would facilitate the administration of justice. *See, e.g., St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989–90 (5th Cir. 1983) ("Consolidating actions in a district court is proper when the cases involve common questions of law and fact, and the district judge finds that it would avoid unnecessary costs or delay. . . . Consolidation is improper if it would prejudice the rights of the parties.") (citations omitted).

9.  Moreover, the fact that additional issues may be involved in two actions where consolidation is sought should not defeat consolidation under Rule 42(a). *See In re Dak Mfg. Corp.*, 73 B.R. 917, 922 (Bankr. D. N.J. 1987) ("In this case, as in most cases where consolidation is sought, the actions are of 'like nature' . . . the fact that additional issues may be involved in either action, should not operate to defeat a consolidation under Fed. R. Civ. P. 42.").

10. Rule 42(a) is designed to address just the sort of inefficient duplication of effort that would arise from holding separate hearings on two related matters—one on the Claim Objection and another on the Adversary Proceeding—within months of each other, that will necessarily implicate overlapping questions of both law and fact. Additionally, the savings of time and effort gained through consolidation outweigh any purported prejudice, if any, to the Debtors that might result.

11. First, the Claim Objection involves factual and legal issues that bear directly on the matters asserted in the Complaint. Specifically, the Claim Objection challenges Pilot Thomas's proofs of claim on the exact same grounds as the Complaint (namely, Tex. Prop. Code § 56.043) and even expressly incorporates the Complaint. Moreover, the remaining challenges to Pilot Thomas's claim and lien are inapplicable or easily disproven. Ultimately, both the Complaint and the Claim Objection will be determined by applying applicable Texas mineral lien law. Consequently, any discovery for the Claim Objection will require development of the same facts from the same documents and the same witnesses as the Adversary Proceeding, and any hearing on the Claim Objection will require adjudication of the same factual issues raised in the Complaint.

12. Second, the Debtors will suffer no prejudice through consolidation. Both proceedings are in their infancy; both will involve similar discovery on similar issues; there will be complete overlap in witnesses and documents; and any delay that the Debtors would face from

such consolidation would be minimal. Thus, where, as here, proceedings will be streamlined and economized to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues, Pilot Thomas submits that consolidation is appropriate and in the interest of judicial economy.

## CONCLUSION

13.     For the foregoing reasons, Pilot Thomas respectfully requests that the Court consolidate the hearings and related deadlines pertaining to the Adversary Proceeding and the Claim Objection and order any other relief the Court deems proper.

Dated: June 8, 2020

Respectfully submitted,

*/s/ Joshua N. Eppich*
Joshua N. Eppich
State Bar I.D. No. 24050567
Bryan C. Assink
State Bar I.D. No. 24089009
J. Robertson Clarke
State Bar I.D. No. 24108098
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: Joshua@bondsellis.com
Email: Bryan.Assink@bondsellis.com
Email: Robbie.Clarke@bondsellis.com

ATTORNEYS FOR PILOT THOMAS LOGISTICS, LLC

**CERTIFICATE OF CONFERENCE**

I, the undersigned, hereby certify that, on June 4, 2020, the undersigned counsel for Pilot Thomas Logistics, LLC attempted to confer with counsel for the Debtors about the proposed consolidation of the Claim Objection with the Adversary Proceeding, and counsel for the Debtors provided no substantive response to the proposed consolidation.

*/s/ Joshua N. Eppich*
Joshua N. Eppich

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that, on June 8, 2020, a true and correct copy of the foregoing document was served on all parties requesting service via the Court's ECF system.

*/s/ J. Robertson Clarke*
J. Robertson Clarke