IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Case No. 20-31585** |
| | § | **Case No. 20-31586** |
| **Pearl Resources LLC** | § | **(Chapter 11)** |
| **and Pearl Resources Operating Co. LLC,** | § | |
| **Debtors** | § | **Jointly Administered Under** |
| | § | **Case No. 20-31585-11** |
| | § | **Judge Eduardo V. Rodriguez** |
| | § | **United States Bankruptcy Court for** |
| | § | **the Southern District of Texas** |
| | § | **Houston Division** |

### NABORS DRILLING TECHNOLOGIES USA, INC.'S EXPEDITED UNOPPOSED MOTION FOR ENTRY OF AN AGREED ORDER TO CONSOLIDATE CLAIM OBJECTION WITH ADVERSARY PROCEEDING

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EXPEDITED RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EXPEDITED BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EXPEDITED CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**NOW COMES** Nabors Drilling Technologies, USA, Inc. ("Nabors" or "Lien Creditor"), and through undersigned counsel files this expedited unopposed motion for entry of an agreed order to consolidate the claim objection to Nabors' secured proofs of claim [Docket No. 118] (the "Claim Objection") with the pending adversary proceeding contesting Nabors' secured claim [Adv. Proc. No. 20-03125] (the "Adversary Proceeding") and in support thereof would respectfully represent the following:

## BASIS FOR EXPEDITED CONSIDERATION

1. The hearing on the Objection is scheduled for June 30, 2020, which is less than 21 days from the date of this Motion. Accordingly, Nabors requests expedited consideration of this Motion **on or before June 30, 2020**.

## BACKGROUND

2. Nabors is in the business of providing services, equipment, material, labor and supplies to the oilfield industry. Specifically, Nabors provides services and equipment for the drilling of oil and gas wells. Nabors performed all of its obligations under the contract with Pearl Operating, yet Pearl Operating failed to pay the agreed-upon amount of $455,758.90 for the equipment and services sold and delivered by Plaintiff. After applying all lawful and just credits, offsets, and adjustments, the principal amount of $420,258.10 remains due.

3. On March 3, 2020 (the "Petition Date") Pearl Resources LLC and Pearl Resources Operating Co. LLC (collectively the "Debtors") filed bankruptcy petitions (Jointly Administered Case No. 20-31585-11).

4. On May 11, 2020, the Debtors filed the *Debtors' Complaint to Determine the Validity, Priority, and Extent of Liens filed by Nabors Drilling Technologies USA, Inc. Against*

*the Debtors' Property* [Adv. Proc. No. 20-03125, Docket No.1] (the "Complaint"). In the Complaint, the Debtors contest the validity, priority, and extent of Nabors' statutory liens.

5. On June 11, 2020, Nabors filed its answer in the Adversary Proceeding denying that the Debtors were entitled to the relief sought.

6. On May 20, 2020, the Debtors filed the Claim Objection to Nabors' proofs of claim. The Debtors expressly incorporated the Complaint into the Claim Objection.

7. The deadline for Nabors to respond to the Claim Objection is June 19, 2020. Nevertheless, Nabors contests the factual and legal allegations in the Claim Objection.

## RELIEF REQUESTED

8. Rule 42(a) of the Federal Rules of Civil Procedure are applicable to bankruptcy courts by Rule 7042 of the Federal Rules of Bankruptcy Procedure, vests courts with discretion to consolidate similar issues in separate proceedings. *See* Fed. R. Civ. P. 42(a) ("If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."); *see also* Fed. R. Bankr. P. 7042.

9. Courts have broad powers to consolidate actions under Rule 42(a) if such a consolidation, in its discretion, would facilitate the administration of justice. *See, e.g. St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989-90 (5th Cir. 1983).

10. The fact that additional issues may be involved in two actions where consolidation is sought should not defeat consolidation under Rule 42(a). *See In re Dak Mfg. Corp.*, 73 B.R. 917, 922 (Bankr. D. N.J. 1987).

11. Rule 42(a) addresses inefficiencies that would arise from holding separate hearings on two related matters. Here, that would be the Claim Objection and the Adversary

Proceeding which would be heard within months of each other to address overlapping questions of law and fact. The savings of time and effort through consolidation outweigh any purported prejudice to the Debtors that may result.

12. The Claim Objection involves factual and legal issues that depend on the matters asserted in the Complaint. Specifically, the Claim Objection challenges Nabors' proofs of claim which are based on the validity of Nabors' lien. The validity of Nabors' lien is being determined in the Adversary Proceeding. Both the Complaint and the Claim Objection will require development of the same facts from the same documents and same witnesses as the Adversary Proceeding. Thus, any hearing on the Claim Objection will require consideration of the same factual issues raised in the Complaint and vice-versa.

13. Secondly, the Debtors will not be prejudiced through consolidation. Both proceedings are in their initial stages; both involve similar discovery on similar issues; there will be a complete overlap in witnesses and documents; and delay, if any, would be minimal. Therefore, proceedings would be streamlined and economized by consolidation of the Complaint and the Adversary Proceeding and Nabors submits that its request is appropriate and in the interest of judicial economy.

14. Nabors therefore seeks entry of an agreed order consolidating the Claim Objection with the Adversary Proceeding. Nabors further seeks entry of the agreed order on an expedited basis to shorten the notice period given that the hearing on the Objection is set for June 30, 2020.

## CONCLUSION

**WHEREFORE**, PREMISES CONSIDERED, Nabors respectfully requests that the Court consolidate the hearings and related deadlines pertaining to the Adversary Proceeding and the Claim Objection and order any other relief the Court deems proper.

Dated: June 18, 2020

        Respectfully submitted,

        **DORÉ ROTHBERG MCKAY, P.C.**

        By:    */s/ Allyson Sasha Johnson*
                Zachary S. McKay
                State Bar No. 24073600
                Allyson Sasha Johnson
                State Bar No. 24113379
                17171 Park Row, Suite 160
                Houston, Texas 77084
                (281) 829-1555
                (281) 200-0751 Fax
                Email: ajohnson@dorelaw.com
                Email: zmckay@dorelaw.com

        *Attorneys for Nabors Drilling Technologies, USA, Inc.*

## CERTIFICATE OF CONFERENCE

I hereby certify that on June 16, 2020, our office has conferred with opposing counsel, Walter Cicack, regarding the consolidation of the evidentiary issues in the Objection with Adversary Proceeding No. 20-03125, and Debtors are not opposed to the consolidation.

        */s/ Allyson Sasha Johnson*
        Allyson Sasha Johnson

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2020 a true and correct copy of the foregoing was served by the Court's Electronic Case Filing System to all parties registered or otherwise entitled to receive electronic notices.

*/s/ Allyson Sasha Johnson*
Allyson Sasha Johnson