IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 20-31585-11 |
| PEARL RESOURCES LLC | § | |
| | § | CASE NO. 20-31586-11 |
| PEARL RESOURCES OPERATING CO., LLC, | § | (Chapter 11) |
| | § | |
| | § | Jointly Administered Under |
| *Debtors.* | § | Case No. 20-31585-11 |
| | § | Judge Eduardo V. Rodriguez |

**CHARGER SERVICES, LLC'S RESPONSE IN OPPOSITION
TO DEBTORS' OBJECTION TO PROOF OF CLAIM**

**[Relates to Dkt. No. 119]**

Creditor Charger Services, LLC ("Charger") files this Response in Opposition to Debtors Pearl Resources LLC and Pearl Resources Operating Co., LLC's (collectively, "Debtors") Objection to Proof of Claim Filed by Charger [Dkt. No. 119], and would respectfully show the following:

**I.   PROCEDURAL BACKGROUND**

1.   Charger's Proof of Claim [Claim No. 3, also before the Court as Dkt. No. 119-1] (the "Claim") arises from a final judgment in Charger's favor after Charger prevailed on its quantum meruit claim against Debtors following a bench trial on February 4, 2019.  *See* Cause No. P-7800-83-CV; *Charger Services, LLC v. Pearl Resources LLC, et al.,* In the 83rd Judicial District Court of Pecos County, Texas.

2.   Debtors timely appealed this verdict, the Appeal has been fully briefed, and on February 11, 2020, the parties participated in oral argument before the Eighth Court of Appeals in El Paso, where the matter is currently stayed.  *See* Cause No. 08-19-00096-CV; *Pearl Resources*

*LLC and Pearl Resources Operating Co., LLC v. Charger Services, LLC;* In the Eighth Court of Appeals.

3. Despite Charger's prevailing status, Debtors object to Charger's Claim under Section 502(b)(1) of the Bankruptcy Code, arguing that Charger's Claim is "unenforceable under any applicable law." Debtors' Objection argues that Charger is "unable to prove liability and/or damages with respect to the claim it has asserted," and "deny each and every factual basis for the claim asserted." Debtors go so far as to "deny that they are indebted to Claimant for any amounts" whatsoever. But this Objection simply rehashes the same arguments made to the trial court and on Appeal. Indeed, Debtors attach and incorporate their appellate brief and reply brief, effectively presenting arguments that are identical to those that have been fully briefed and are currently pending (albeit stayed) before the Eighth Court of Appeals.

4. Debtors' Objection is disingenuous in light of their representations in response to Charger's Motion for Relief from Automatic Stay, incorporated herein. [Dkt. No. 64].[1] Due to the extensive time, effort, money, and resources that both Charger and Debtors already incurred in litigating this matter for the two years prior to Debtors' declaration of bankruptcy, Charger filed a Motion for Relief from Automatic Stay, seeking to allow the Eighth Court of Appeals to issue a ruling on the exact issues that Debtors now place before the Court. Debtors opposed Charger's request to lift the stay, claiming that such relief would "significantly interfere with the bankruptcy process" and that Debtors needed time to "develop a plan of reorganization" and to "negotiate a resolution on solid ground." Debtors' counsel represented that he anticipated being able to present an agreed reorganization plan, which would necessitate at least a *proposed* plan to repay Debtors'

---

[1] Originally argued on April 28, 2020 and currently scheduled for a final hearing on July 13, 2020. [Dkt No. 98].

creditors, including Charger. Instead,[2] Debtors have filed numerous adversary complaints (although none against Charger, which does not have a lien on any of Debtors' property), as well as virtually identical objections to practically all proofs of claim. *See* [Dkt Nos. 115, 116, 117, 118, 119, 120].

5. Debtors' form objections to Charger's Claim fail for the same reasons presented to the Eighth Court of Appeals for denying Debtor's Appeal, discussed further below. This Court should either overrule Debtors' objections in their entirety and allow Charger's Claim, or grant Charger's request to lift the stay so that these issues can be resolved by the state courts where this matter was litigated for the two years preceding Debtors' bankruptcy.

## II. ARGUMENT AND AUTHORITIES

6. The Fifth Circuit holds that section 501 and 502 of the Bankruptcy Code create a burden-shifting regime. *See Washington v. Ditech Fin. LLC,* 2020 WL 2551523, at *6 (S.D. Tex. May 19, 2020) (quoting *In re Fidelity Holding Co. Ltd.,* 837 F.2d 696, 698 (5th Cir. 1998)). A filed proof of claim is deemed to have established a prima facie case against the debtor's assets. *Id.* The claimant will prevail unless a party who objects to the proof of claim produces evidence to rebut the claim. *Id.* Upon production of rebuttal evidence, the burden shifts back to the claimant to prove its claim by a preponderance of the evidence. *Id.*

7. Here, Charger's Claim and the documents attached thereto are prima facie evidence supporting the amounts requested therein. *Id.*

8. Debtors are then tasked with producing sufficient rebuttal evidence. *Id.* As indicated above, Debtors object to Charger's Claim – arising from a Final Judgment based in quantum meruit rendered in Charger's favor after a bench trial – on the basis that it is

---

[2] Charger acknowledges the extension granted by the Court to file a plan on or before July 1, 2020 [Dkt. No. 133]

"unenforceable under any applicable law." Specifically, Debtors contend that Charger cannot recover in quantum meruit because: (i) Charger looked to Debtors' contractor PDS for payment after providing services; (ii) Charger's invoices and other documents confirm it did not provide materials or services to Debtor; (iii) an express or implied contract covered the services furnished by Charger; (iv) Charger cannot rely on industry custom to establish the elements of a claim for quantum meruit; and (v) recovery is barred by Texas Property Code Section 56.043.

9. Charger can produce sufficient rebuttal evidence to prove its Claim by a preponderance of the evidence. All of Debtors' objections run contrary to the findings of the 83rd Judicial District Court, which issued the following findings of fact and conclusions of law (among others) after the February 4, 2019 bench trial:

  a. Charger provided valuable services and materials to Debtors, the owners of the oil and gas leasehold estate;

  b. The services and materials were furnished to Debtors, the persons or entities sought to be charged;

  c. The services and materials supplied by Charger were accepted by Debtors and used or enjoyed by them;

  d. The services and materials were provided under such circumstances as to reasonably notify Debtors that Charger, in performing such services, was expecting to be paid by Debtors.

*See* Exhibit A, Findings of Fact and Conclusions of Law, No. 20, filed on February 21, 2019. The district court further found that $76,381.00 (the principal amount sought in Charger's Proof of Claim) "is a reasonable value for the services and materials provided by Charger Services and is a reasonable price in the community as well as consistent with the going rate in Pecos County, Texas given the services and materials provided." *Id.* at No. 28. In total, after the presentation of evidence, including several exhibits and live testimony from numerous witnesses, the district court

issued a total of twenty-eight (28) Findings of Fact and six (6) Conclusions of Law that disprove Debtors' objections and support Charger's Claim. *Id.*

10. Based on the district court's status as a fact finder and in light of its findings and conclusions contained in Exhibit A, the law imposes additional burdens upon Debtors in order to overturn those findings and conclusions. Specifically, Debtors had the burden of proof on their affirmative defense of the existence of a contract in order to negate Charger's quantum meruit claim. A contract only exists when the two parties' conduct and course of dealings can establish an offer, acceptance, and meeting of the minds. No evidence was presented to the trial court to establish that PDS and Charger ever communicated with each other or otherwise interacted at all with respect to the emergency services rendered by Charger at Debtors' well. In fact, PDS abandoned Debtors' well site less than two days after Charger arrived at the well. Accordingly, Debtors failed to meet their burden to conclusively establish as a matter of law that an express or implied-in-fact contract existed between Charger and PDS.

11. In the absence of a contract for rendered services, the law permits Charger to recover in quantum meruit. Testimony presented at trial established that Debtors utilized Myria Dria's consulting company Myden as its "eyes and ears" to provide real-time reporting to Debtors on the activities rendered at their well, including PDS's abandonment. Myden and Debtors are owned and managed by the same principals—husband and wife Myra and Dennis Dria—and their individual knowledge can be imputed onto the companies. Debtors' principals have decades of experience in the oilfield and should be well acquainted with the industry custom that service providers look to the owner of the lease for payment when responding to emergency situations. Charger's equipment and employees' uniforms bore its logo, placing Debtors on notice of Charger's work. At no time—even after PDS abandoned the location—did anyone instruct

Charger to stop its emergency aid or inform Charger that it would not be paid for its labor. On this record, Charger may recover the reasonable value of its services from Debtors, which accepted and received the benefit of Charger's services.

12. Finally, Texas Property Code Chapter 56, which was not invoked and which provides remedies to service providers who have contractual privity with a wellsite consultant or owner, does not apply and does not abrogate Charger's right to quantum meruit relief from Debtors.

13. Each of these points is fully briefed in the Response Brief of Appellee, Charger Services, LLC, attached hereto as Exhibit B and fully incorporated herein. As the Court can see, the evidentiary record supporting Charger's Claim has been fully developed, and the arguments in support thereof have been fully briefed. Debtors' objections to the judgment underlying Charger's Claim continue to be presented in a manner that strips the trial court of its authority and role to actually function as the fact finder. The function of the fact finder is to judge the credibility of the witnesses, assign the weight to be given their testimony and resolve any conflicts or inconsistencies in the testimony. *City of Keller v. Wilson,* 168 S.W.3d 802, 819 (Tex. 2005); *Texas Employers' Ass'n v. Jackson,* 719 S.W.2d 245 (Tex. App.—El Paso 1986, writ ref'd n.r.e.) In a bench trial, the trial court is the sole judge of the credibility of the witnesses. *Schneider v. Whatley,* 535 S.W.3d 236, 240 (Tex. App.—El Paso 2017, no pet.). Neither the appellate court nor this Court should substitute its judgment for that of the fact finder where the challenged finding is supported by some evidence of probative value and is not against the great weight and preponderance of the evidence. *In re Lutz,* 164 S.W.3d 721, 723 (Tex. App.—El Paso 2005, no pet.); *Texas Employers' Ins. Ass'n v. Courtney,* 709 S.W.2d 382, 384 (Tex. App.—El Paso 1986, writ ref'd n.r.e.). This briefing, combined with the district court's extensive findings of fact and conclusions of laws,

sufficiently rebut Debtors' objections and establish Charger's right to recover on its Claim under the applicable preponderance of the evidence standard.

14. Moreover, when confronting extensive litigation history such as here, bankruptcy courts routinely determine that state courts are competent to handle to conclusion the causes of action that have been raised in the state court litigation, as opposed to necessitating an adversary proceeding overseen as part of the bankruptcy administration.  *See, e.g., In re Patel,* 2010 WL 3239128, at *1-2 (lifting stay to permit parties to obtain trial court rulings on post-jury verdict motions); *In re Kao,* 2015 WL 9412744, at *2 (lifting stay to allow parties to continue litigation that preceded the bankruptcy by several years); *In re Young,* 2006 WL 3088225, at *2 (lifting stay because "delaying the state court's consideration of the [dispositive] motions would impede judicial economy and would result in hardship to Movant, in light of the past delays Movant has experienced as a result of the bankruptcy filings").  Here, Texas state courts (specifically, the 83rd Judicial District and the Eighth Court of Appeals) have been involved in the parties' quantum meruit litigation since its inception in November 2017, a bench trial has been held, and a verdict has been rendered.  That verdict, and the findings it is based on, should be given proper deference, and Charger's Claim should be allowed.

### III.  CONCLUSION AND PRAYER

For the reasons contained herein and within the evidence attached hereto, Creditor Charger Services, LLC requests that Debtors' Objections to Charger's Proof of Claim be overruled in their entirety and that Charger's Claim be allowed.  Alternatively, Charger requests that its Motion for Relief from Automatic Stay be granted so that the merits of Debtors' objections can be determined by the Eight Court of Appeals, where those objections have been fully briefed and argued.  Charger further requests all such other relief to which it may be justly entitled.

Respectfully submitted,

**DAVIS, GERALD & CREMER**
**A Professional Corporation**
400 W. Illinois, Suite 1400
Midland, Texas 79701
(432) 687-0011
(432) 687-1735 (Fax)

By: */s/ Katherine L. Petroski*
John A. "Jad" Davis
State Bar No. 05511400
jadavis@dgclaw.com
\**Motion for Pro Hac Vice granted on 3/14/2020*

Katherine L. Petroski
State Bar No. 24088218
klpetroski@dgclaw.com

**ATTORNEYS FOR CHARGER SERVICES, LLC**

## CERTIFICATE OF SERVICE

I certify that, on June 19, 2020, a true and correct copy of the foregoing was served on all parties entitled to service, including the U.S. Trustee, the Subchapter V Trustee, and all interested parties through the Court's CM/ECF system.

 */s/ Katherine L. Petroski*
Katherine L. Petroski