IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 20-31585-11 |
| | § | |
| PEARL RESOURCES LLC | § | CASE NO. 20-31586-11 |
| | § | (Chapter 11) |
| PEARL RESOURCES OPERATING CO. LLC | § | |
| | § | Jointly Administered Under |
| *Debtors* | § | Case No. 20-31585-11 |
| | § | Judge Eduardo V. Rodriquez |
| | § | |
| PEARL RESOURCES LLC and PEARL RESOURCES OPERATING CO. LLC | § | Contested Matter |
| | § | |
| vs. | § | Response to Objection of Debtors' regarding Claim No. 2 of Transcon Capital, LLC |
| | § | |
| TRANSCON CAPITAL, LLC | § | |

## TRANSCON CAPITAL, LLC's, RESPONSE TO DEBTORS' OBJECTION TO PROOF OF CLAIM

**COMES NOW**, Creditor, TRANSCON CAPITAL, LLC., ("Transcon") in the above-styled and number cause of action, and files this Response to Debtor PEARL RESOURCES, LLC and PEARL RESOURCES OPERATING CO. LLC's (collectively, "Pearl") Objection to Proof of Claim (Objection) and would show the Court:

1. Transcon agrees with the statement in paragraph 1 of the Objection. Proof of claim was filed on April 2, 2020 in the amount of $90,223.87, made up of the principal amount of the Garnet State Well #4 Leasehold ("Well #4") Lien, pre-judgment interest rate, and reasonable and necessary attorneys' fees.

2. Transcon denies that its claim is disallowed as alleged in paragraph 2 of the Objection. Transcon has sustained damages since it has not been paid for the water disposal

services it financed. Def.'s Mot. Summ. J. 1–5. Transcon has further established that Pearl is liable on this amount since all factual bases relied upon have already been adjudicated at trial and a judgment was fully granted in favor of Transcon.

3.    Transcon denies that its claim is disallowed as alleged in paragraph 3 of the Objection.

4.    Transcon denies that the proof of claim for case No. 20-31585-evr-11 should not be allowed as alleged in paragraph 4 of the Objection for the reasons above.

5.    Transcon denies the allegation in paragraph 5 of the response to the extent of the underlying factual bases presented by the Affidavit of Myra Dria.

6.    The allegation in paragraph 6 of the Objection does not require a response. However, if a response is required then Transcon denies the allegation in paragraph 6 of the Objection.

## FURTHER RESPONSE

7.    Cannon Oil and Gas ("Cannon") contracted with PDS Drilling, LLC ("PDS") to provide water disposal services following a blowout while drilling Pearl's Well #4. Transcon was assigned these claims as a result of financing provided to Cannon. Pl.'s Resp. to Def.'s Mot. Summ. J. 23–24. The claim amounts encompassing these cleanup services were provided for the direct benefit of Pearl, its business, and its oil and gas property. As a result of unpaid amounts, Transcon sent proper and timely notice of a demand for payment. When Pearl refused to tender payment, Transcon filed an affidavit in the official Public Records of Pecos County, Texas asserting a mineral lien on the leasehold of Well #4 under Chapter 56 of the Texas Property Code. Def.'s Mot. Summ. J. Ex. C, at 1–2. Subsequently, Pearl filed a petition to invalidate Transcon's lien. All issues argued by Pearl in Pearl's objection were previously argued by Pearl in the state

court case, styled Pearl Resources Operating Co. LLC and Pearl Resources, LLC v. RH Trucking, LLC, Transcon Capital, L.L.C. d/b/a Cannon Oil & Gas, LLC, Newpark Drilling Fluids, LLC, and Wild Well Control, Inc., No. P-7797-83-CV (83rd Dist. Ct., Pecos County, Tex.). In the state court case, a declaratory judgment was issued in favor of Transcon., which judgment was attached to Transcon's Proof of Claim No. 20-31585-evr-11 ordering that the Transcon mineral lien was valid, properly perfected, and satisfied all the requirements of the Texas Property Code. Corrected Final J. at 1–2, Oct. 2, 2019, Cause No. P-7797-83-CV. Debtors have filed virtually identical objections to practically all proofs of claim. See [Dkt Nos. 115, 116, 117, 118, 119, 120]. Moreover, when confronting extensive litigation history such as here, bankruptcy courts routinely determine that state courts are competent to handle to conclusion the causes of action that have been raised in the state court litigation—as opposed to necessitating an adversary proceeding overseen as part of the bankruptcy administration. See, e.g., In re Patel, 2010 WL 3239128, at *1-2 (lifting stay to permit parties to obtain trial court rulings on post-jury verdict motions); In re Kao, 2015 WL 9412744, at *2 (lifting stay to allow parties to continue litigation that preceded the bankruptcy by several years); In re Young, 2006 WL 3088225, at *2 (lifting stay because "delaying the state court's consideration of the [dispositive] motions would impede judicial economy and would result in hardship to Movant, in light of the past delays Movant has experienced as a result of the bankruptcy filings"). Here, Texas state courts (specifically, the 83rd Judicial District and the Eighth Court of Appeals) have been involved in the parties' litigation since its inception in October 2017, competing Motions for Summary Judgment were filed by both Pearl and Transcon, a hearing was held on such competing motions, and a final order has been rendered regarding the motions. That verdict, and the findings it is based on, should be given proper deference and Transcon's claim should be allowed.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Creditor Transcon respectfully requests that the relief requested in the Objection with respect to Transcon be denied in all respects and that Transcon receive such other and further relief to which it may be justly entitled to receive.

Respectfully submitted,

**Bigbee & Curtis, LLP**
Attorneys at Law
P.O. Box 53068
Lubbock, TX 79453
806.319.8520 - Telephone
806.686.4038 – Facsimile
ryan@bigbeecurtislaw.com – E-Mail


By: /s/ *Ryan J. Bigbee*
 Ryan J. Bigbee
 SBN 24050292
***Attorney for Creditor Transcon***

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2020 a true and correct copy of the foregoing was served by the Court's Electronic Case Filing System to all parties registered or otherwise entitled to receive electronic notices.

/s/ *Ryan J. Bigbee*
Ryan J. Bigbee