United States Bankruptcy Court
Southern District of Texas
**ENTERED**
May 25, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATED BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 20-31585 |
| PEARL RESOURCES LLC | § | |
| and | § | |
| PEARL RESOURCES OPERATING CO. | § | |
| LLC, | § | |
| Debtors. | § | Jointly Administered |
| | § | CHAPTER 11 |

## MEMORANDUM OPINION

Pending before the Court is Pearl Resources, LLC and Pearl Resources Operating, Co., LLC's motion to enforce this Court's Confirmation Order. Specifically, Pearl Resources, LLC and Pearl Resources Operating, Co. request that this Court order the Railroad Commission of Texas to (1) issue a no action letter as it pertains to Operator Clean-Up Program No. 08-5128 (Garnet State Well No. 4 Breakout), (2) remove Pearl Resources, LLC and Pearl Resources Operating, Co. from the Railroad Commission of Texas's Operator Clean-Up Program, and (3) ensure the Railroad Commission of Texas' publicly accessible database reflects that Operator Clean-Up Program No. 08-5128 is closed and inactive. The Railroad Commission of Texas opposes this relief. On April 13, 2023, the Court held a final hearing on the matter and for the reasons stated herein this Court denies Pearl Resources, LLC and Pearl Resources Operating, Co., LLC's motion to enforce the Confirmation Order.

### I.  BACKGROUND

This Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, which is made applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7052. To the extent that any finding of fact constitutes a conclusion of law, it is adopted as such. To the extent that any conclusion of law constitutes a finding of fact,

it is adopted as such.  This Court made certain oral findings and conclusions on the record.  This Memorandum Opinion supplements those findings and conclusions.  If there is an inconsistency, this Memorandum Opinion controls.  For the purposes of this Memorandum Opinion and, to the extent not inconsistent herewith, this Court adopts and incorporates by reference each of the Background Facts in this Court's September 30, 2020, Memorandum Opinion.[1]

1. On March 3, 2020, ("*Petition Date*") Pearl Resources LLC ("*Pearl Resources*") and Pearl Resources Operating Co. LLC ("*Pearl Operating*") (collectively "*Debtors* or *Pearl*") each filed their separate Chapter 11 petitions under Title 11, Chapter 11, subchapter V[2] of the United States Bankruptcy Code.  On March 10, 2020, the Court granted Debtors' motion to jointly administer the two cases.[3]

2. On August 21, 2020, Pearl filed its, "Debtors' Modified Plan of Reorganization for Small Business Under Subchapter V of Chapter 11"[4] ("*Plan*").

3. On September 30, 2020, this Court entered an order confirming Pearl's non-consensual plan of reorganization under subchapter V of chapter 11 of the Code[5] ("*Confirmation Order*").

4. On December 15, 2022, Pearl filed its, "Pearl Resources LLC and Pearl Resources Operation, Co., LLC's Motion to Enforce Confirmation Order"[6] ("*Motion*").

5. On January 13, 2023, The Railroad Commission of Texas ("*RRC*") filed its, "The Railroad Commission of Texas's Response to Pearl Resources LLC's and Pearl Resources Operating, Co., LLC's Motion to Enforce Confirmation Order"[7] ("*Response*").

6. On January 20, 2023, Pearl filed its, "Pearl Resources LLC and Pearl Resources Operating, Co., LLC's Reply to the Railroad Commission of Texas's Response to Motion to Enforce Confirmation Order"[8] ("*Reply*").

7. On February 22, 2023, RRC filed its, "The Railroad Commission of Texas's Response to Pearl Resources LLC's and Pearl Resources Operating, CO., LLC's Reply"[9] asserting new arguments concerning subject matter jurisdiction ("*SMJ Brief*").

---

[1] ECF No. 238.
[2] Any reference to "Code" or "Bankruptcy Code" is a reference to the United States Bankruptcy Code, 11 U.S.C., or any section (i.e. §) thereof refers to the corresponding section in 11 U.S.C.
[3] ECF No. 27.
[4] ECF No. 226.
[5] ECF No. 239.
[6] ECF No. 348.
[7] ECF No. 353.
[8] ECF No. 356.
[9] ECF No. 363.

8. On February 24, 2023, the Court held an initial hearing on the Motion and set a deadline of March 10, 2023, for Pearl to respond to the SMJ Brief and March 17, 2023, for the RRC to reply.[10]

9. On March 10, 2023, Pearl filed its, "Reply to the Railroad Commission of Texas's Response to Pearl Resources LLC and Pearl Resources Operating, CO., LLC's Reply"[11] ("*SMJ Response*").

10. On March 17, 2023, RRC filed its, "The Railroad Commission of Texas's Sur-Reply to Pearls' Motion to Enforce Conformation Order"[12] ("*SMJ Reply*").

11. On April 13, 2023, the Court held a final hearing on the Motion and SMJ Brief.

## II. JURISDICTION, VENUE, AND CONSTITUTIONAL AUTHORITY

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334 and now exercises its jurisdiction in accordance with Southern District of Texas General Order 2012–6.[13] Bankruptcy judges wield constitutional authority to issue final orders and judgments for core proceedings but can only issue reports and recommendations for non-core proceedings, unless the parties consent to the entry of final orders or judgments on non-core matters. The instant action is a core proceeding. Confirmation of a plan of reorganization constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A) & (L). This Court has continuous jurisdiction to interpret and enforce its own orders.[14]

This Court may only hear a case in which venue is proper.[15] 28 U.S.C. § 1409(a) provides that "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending." Venue is proper before this Court

---

[10] February 22, 2023, Courtroom Minutes.
[11] ECF No. 373.
[12] ECF No. 374.
[13] *In re: Order of Reference to Bankruptcy Judges, Gen. Order* 2012–6 (S.D. Tex. May 24, 2012).
[14] *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151, 129 S.Ct. 2195, 174 L.Ed.2d 99 (2009).
[15] 28 U.S.C. § 1408.

pursuant to 28 U.S.C. §§ 1408 and 1409 because Debtors' principal place of business was in the Southern District of Texas for the 180 days immediately preceding the Petition Date.

While bankruptcy judges can issue final orders and judgments for core proceedings, absent consent, they can only issue reports and recommendations on non-core matters.[16] The pending motion to enforce this Court's Confirmation Order is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).[17] Accordingly, this Court can enter a final order here.[18]

### III. ANALYSIS

#### A. Pearl's Motion to enforce the Confirmation Order

Pearl argues in their Motion that Section 7.02 of the Plan requires that the RRC to (1) issue a "no further action" letter regarding the RRC's Operator Clean-Up Program ("*OCP*") No. 08-5128, (2) take any and all other necessary steps to remove Pearl from the OCP, and (3) take any necessary steps to ensure the RRC's publicly accessible database reflects that OCP No. 08-5128 is closed or inactive (together the "*Requested Relief*").[19] Section 7.02 of the Plan, titled "No Clean-Up Obligations" is as follows:

> A few years prior to the bankruptcy filing, the Texas Railroad Commission ("TRRC") issued Operator Clean-Up Program ("OCP") No. 08-5128 (Garnet State Well No. 4 Breakout). All work associated with OCP No. 08-5128 has been satisfied and is released. The Debtors have no further clean-up obligations as of the Petition Date and as of the date of the Plan. The Debtors shall have no clean up obligations after the Plan is confirmed.[20]

---

[16] *See* 28 U.S.C. §§ 157(b)(1),(c)(1); *see also Stern v. Marshall*, 564 U.S. 462, 480, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011); *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 135 S. Ct. 1932, 1938-40, 191 L.Ed.2d 911 (2015).
[17] 28 U.S.C. § 157(b)(2). *See also In re Swan Transportation Co.*, 596 B.R. 127, 136 (Bankr. D. Del. 2018) ("the interpretation and enforcement of the Confirmation Order constitutes a core matter.").
[18] *See, e.g., Badami v. Sears (In re AFY, Inc.)*, 461 B.R. 541, 547-48 (8th Cir. BAP 2012) ("Unless and until the Supreme Court visits other provisions of Section 157(b)(2), we take the Supreme Court at its word and hold that the balance of the authority granted to bankruptcy judges by Congress in 28 U.S.C. § 157(b)(2) is constitutional."); *see also Tanguy v. West (In re Davis)*, No. 00-50129, 538 F. App'x 440, 443 (5th Cir. 2013) ("[W]hile it is true that *Stern* invalidated 28 U.S.C. § 157(b)(2)(C) with respect to 'counterclaims by the estate against persons filing claims against the estate,' *Stern* expressly provides that its limited holding applies only in that 'one isolated respect' .... We decline to extend *Stern's* limited holding herein.") (citing *Stern,* 564 U.S. at 475, 503, 131 S.Ct. 2594).
[19] ECF No. 348.
[20] ECF No. 226 at 32.

Pearl contends that because Section 7.02 of the Plan provides that all work associated with OCP No. 08-5128 has been satisfied and is released, that the RRC is under an affirmative obligation to issue the Requested Relief, which the RRC has refused to do.[21]

The RRC argues in response that Section 7.02 of the Plan is unenforceable because (1) Section 7.02 does not comply with Federal Rule of Bankruptcy Procedure ("*Bankruptcy Rule*") 3016(c) and (2) this Court lacks subject matter jurisdiction over the remediation activities of oil & gas operations in the state of Texas, including over OCP No. 08-5128, until Pearl has exhausted its administrative remedies with the RRC.[22]  The Court will consider each in turn starting with subject matter jurisdiction.  However, as a preliminary matter the Court will first consider the operation and effect of Section 7.02 of the Plan.

1. **Section 7.02 of the Plan**

Before assessing subject matter jurisdiction and the applicability of Bankruptcy Rule 3016(c), this Court must first consider what the operation and effect of Section 7.02 of the Plan is. This Court has broad authority to interpret and enforce its own orders.[23]

The plain language of Section 7.02 is exceptionally broad and vague in terms of what it actually proscribes or requires from the RCC.[24]  The Plan provides that, "[a]ll work associated with OCP No. 08-5128 has been satisfied and is released. The Debtors have no further clean-up obligations as of the Petition Date and as of the date of the Plan. The Debtors shall have no clean up obligations after the Plan is confirmed."[25]  The Court reads this exceptionally expansive language as broadly preempting and enjoining the RRC from taking any further police or

---

[21] ECF No. 348.
[22] ECF Nos. 353, 363, 374.
[23] *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009).
[24] *See* ECF No. 226 at 32.
[25] *Id.*

regulatory action against Pearl as it pertains to OCP No. 08-5128. Pearl, by virtue of its Motion, also interprets Section 7.02 in this way. Pearl contends, albeit implicitly, that Section 7.02 operates as a mandatory injunction that requires the RRC to issue the Requested Relief.[26]

Having determined that the operation and effect of Section 7.02 of the Plan is to broadly preempt and enjoin the RRC from taking any police or regulatory action against Pearl as it pertains to OCP No. 08-5128, the Court will now consider if it had subject matter jurisdiction to confirm this provision of the Plan.

### 2. Subject Matter Jurisdiction

The RRC argues that this Court lacks subject matter jurisdiction over the remediation activities of oil & gas operations in the state of Texas, including over OCP No. 08-5128, until Pearl has exhausted its administrative remedies with the RRC.[27] The RRC contends that because the Texas Legislature gave the RRC exclusive jurisdiction over oil & gas in Texas, that this Court is preempted and lacked subject matter jurisdiction to confirm Section 7.02 of the Plan.[28] Pearl, without providing critical analysis regarding what federal law is applicable, broadly asserts that federal bankruptcy law preempts inconsistent state law by virtue of Article IV, Clause Two of the United States Constitution (the supremacy clause).[29]

As a preliminary matter, the Court notes that the RRC misunderstands the doctrine of preemption. The Texas Legislature cannot preempt federal law.[30] Preemption is a one way street, and the relevant inquiry is if this Court had a source of authority to preempt Texas law in this

---

[26] *See* ECF No. 348.
[27] ECF Nos. 353, 363, 374.
[28] ECF Nos. 363, 374.
[29] ECF No. 373.
[30] *See e.g., Little Co. of Mary Hosp. & Health Care Centers v. Shalala*, 165 F.3d 1162, 1164 (7th Cir. 1999) ("But of course state law cannot preempt federal law.").

case.[31]  Notwithstanding that this Court provided the parties with an opportunity to brief this jurisdictional issue, neither party discusses the relevant statutory analysis.

11 U.S.C. § 1191(b) provided this Court with statutory authority to confirm Pearl's non-consensual subchapter V plan of reorganization.[32]  To confirm a plan under § 1191(b), the applicable requirements of § 1129(a) must be met other than paragraphs (8), (10), and (15).[33] Section 1129(a)(1) requires that the plan comply with all applicable provisions of the Code, which includes § 1123.[34]  Section 1123(a)(5) provides, in relevant part, "[n]otwithstanding any otherwise applicable nonbankruptcy law, a plan shall… provide adequate means for the plan's implementation…"

The plain language, congressional history, and caselaw discussing § 1123(a)(5) clearly provides that this Court is empowered by Congress to preempt conflicting state law to provide an adequate means for the plan's implementation.[35]  However, this Court's authority to preempt state law is not unlimited.  While there has been some disagreement regarding the extent of a bankruptcy court's authority to preempt state law under § 1123(a)(5), courts considering the issue generally agree that it does not extend to state laws that concern the public health, safety, and welfare of its residents.[36]  The Supreme Court also reached a similar conclusion in *Midlantic Nat. Bank v. New*

---

[31] *See e.g., id. See also In re Fed.-Mogul Glob. Inc.*, 684 F.3d 355, 368 (3d Cir. 2012).
[32] 11 U.S.C. § 1191(b).
[33] *Id.*
[34] 11 U.S.C. § 1129; 11 U.S.C. § 1123; *In re Gewalt*, No. 2:21-BK-20600-CMK, 2022 WL 305271, at *3 (B.A.P. 9th Cir. Feb. 2, 2022) ("§ 1123(b)(5) is applicable in Subchapter V cases…").
[35] *In re Fed.-Mogul Glob. Inc.*, 684 F.3d 355 (3d Cir. 2012); *Pac. Gas & Elec. Co. v. California ex rel. California Dept of Toxic Substances Control*, 350 F.3d 932 (9th Cir. 2003), as amended (Dec. 9, 2003); *Montgomery Cnty., MD v. Barwood, Inc.*, 422 B.R. 40 (D. Md. 2009).
[36] *Montgomery Cnty., MD v. Barwood, Inc.*, 422 B.R. 40, 49 (D. Md. 2009) ("Accordingly, the Court holds that § 1123(a) of the Bankruptcy Code does not preempt governmental laws concerning public health, safety, and welfare…"); *In re Fed.-Mogul Glob. Inc.*, 684 F.3d at 382 ("The anti-assignment provisions at issue here do not implicate public health, safety, and welfare."); *Pac. Gas & Elec. Co. v. California ex rel. California Dept of Toxic Substances Control*, 350 F.3d at 949.

*Jersey Dep't of Env't Prot.*, concerning the bankruptcy court's authority to preempt state and local laws pursuant to § 554(a):

> A trustee in bankruptcy may not abandon property in contravention of a state statute or regulation that is reasonably designed to protect the public health or safety from identified hazards. Congress did not intend for § 554(a) to pre-empt all state and local laws. A bankruptcy court does not have the power to authorize an abandonment without formulating conditions that will adequately protect the public's health and safety.[37]

Here, the RRC seeks to have Pearl retest the groundwater for hydrogen sulfide, a highly toxic non-hydrocarbon gas,[38] and install monitoring wells as part of Pearl's remediation obligations under OCP 08-5128 resulting from the blowout of Garnet State Well #4 in 2016.[39] This Court views these remediation efforts as falling under the purview of the RCC's police and regulatory powers concerning the public health, safety, and welfare of Texas residents. Section 7.02 of the Plan was clearly written as an attempt to enjoin and preempt the RRC from enforcing such remediation efforts.[40] As such, this Court finds that it lacked subject matter jurisdiction to confirm Section 7.02 and Section 7.02 of the Plan is void. Having found that this Court lacked jurisdiction to confirm Section 7.02 of the Plan, this Court need not discuss whether Section 7.02 complied with Bankruptcy Rule 3016(c).

Accordingly, Pearl's Motion is denied.

## IV. CONCLUSION

An order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

---

[37] 474 U.S. 494, 494–95 (1986).
[38] *First Nat. Bank of Jackson v. Pursue Energy Corp.*, 799 F.2d 149, 151 (5th Cir. 1986) ("Sour gas contains a large amount of hydrogen sulphide, a highly toxic non-hydrocarbon gas.").
[39] *See* ECF No. 353; April 13, 2023, Courtroom Minutes.
[40] ECF No.

SIGNED May 25, 2023

Eduardo V. Rodriguez
Chief United States Bankruptcy Judge